## SAMUEL J. SIGLER *v.* LEONARD SMITH.

Where two parties, in good faith, enter into an agreement, in pursuance whereof one is to sell and deliver goods, and the other is to receive them and to give notes of a third party, which are to be received in payment therefor without recourse to the purchaser, and the goods are in fact delivered and received; the seller, in the absence of fraud on the part of the purchaser, is bound by the agreement, although the maker may become insolvent before the notes are delivered.

---

(*a*) See § 27 of the act cited in note (*a*). p. 279.—REP.

Sigler *v.* Smith.

ACTION for the price of goods sold and delivered. The defence relied upon was a special agreement entered into between the parties as set forth in the opinion. The Marine Court awarded judgment to the plaintiff. The defendant appealed.

*Samuel Brown,* for the defendant.

*William McKeag,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—I can find no ground upon which to sustain the judgment in this case. It appeared by uncontradicted evidence, coming, in fact, from the plaintiff's witness, that the defendant represented to the plaintiff, or his agent, that he, the defendant, was dealing with Abraham Numan, selling and delivering to him tow. That Numan wanted more, but that he, defendant, had sold him as much as he was willing to sell him upon his notes; but that he, defendant, wished to purchase looking glasses, and inquired whether plaintiff would sell him looking glasses, he giving Numan's notes in payment therefor; and stated that if he could pay Numan's notes away for other goods he would sell him more tow. That he considered Numan perfectly good, and he referred plaintiff to other persons as to Numan's standing, &c. This was on or about the 4th of November, 1854; the defendant, as it appears, then residing in Troy, and the plaintiff and Numan both living in this city. The plaintiff consenting, after making such inquiry as he thought proper, an agreement in writing was entered into by which, "in consideratiom of one dollar," the plaintiff agreed to deliver to the defendant from $400 to $500 worth of goods out of his store, at the wholesale cash prices, and receive from the defendant in payment of said goods, when taken or soon after, A. Numan's promissory note for said amount, or as near as may be; said notes to be made payable to the order of said Smith, the defendant, "without recourse to said Smith if not paid," or "have said Numan's note payable to my (plaintiff's) order."

On the 11th November, in pursuance of this agreement, the defendant ordered goods, which were delivered; and afterwards he gave a further order, and the goods were also delivered, as the plaintiff's witness testifies, on the 24th of November, these goods amounted to $463 64. And the defendant having given a third order, the plaintiff refused to deliver any more, upon the ground that Numan had failed. That the goods delivered were delivered upon and in pursuance of the written agreement, appeared beyond dispute, as well from the evidence of the plaintiff's witness as from the letter of the plaintiff and his subsequent admissions.

On or about the 1st of December, 1854, the defendant tendered him two notes, one dated September 2d, and the other October 28th, 1854, at three months, made by Numan, payable to the order of Smith, and endorsed by him without recourse, amounting to $516 62, in payment for the goods, the plaintiff having in the mean time requested that the payments be made in two notes, and at not exceeding four months from the time of the delivery of the goods. Upon this tender the plaintiff refused to accept the notes of Numan. The plaintiff's agent in the transaction also testified, that when the plaintiff called upon him after he had heard of Numan's alleged failure, he refused to " take Numan's notes under any consideration ;" and again, when plaintiff asked him if he would take Numan's notes for the goods, he replied, No. There is also evidence that, after the making of the agreement referred to, the defendant did in fact deliver to Numan more tow, thus testifying his own good faith in this transaction.

The only ground upon which the plaintiff placed his unqualified refusal to accept Numan's notes, as he had agreed, was, that since the making of the agreement Numan had failed; and it is upon this ground alone that the respondent's counsel seeks to sustain the judgment rendered in the court below in favor of the plaintiff for the amount of goods delivered.

No objection was made by the plaintiff, on the ground

that the two notes tendered were for a sum larger than his claim. Had such a suggestion been made, the defendant would have had an opportunity to procure and offer him notes for a smaller amount. The plaintiff refused to receive Numan's notes at all; and it is not claimed before us that the amount of the notes offered under the facts proved, vitiates the tender. Counsel insist that the failure of Numan relieved him from his obligation to accept Numan's notes; and it is the question thus raised upon which, and upon which alone, we are called upon to pass.

In my opinion the judgment is, in this respect, erroneous, and ought, therefore, to be reversed. There is not any proof of bad faith on the part of the defendant, nor any pretence of such bad faith. It was a perfectly fair agreement, entered into by the parties standing upon equal ground, with a distinct notice to the plaintiff that the defendant was not willing to extend his credit to Numan any further.

It was an unqualified agreement by the plaintiff to take Numan's notes, and assume the risk of their payment without recourse to Smith. It was executed, on the part of Smith, by the actual purchase and receipt of goods; and by the plaintiff, by the delivery of goods upon the faith of the agreement. The consideration was mutual, and was executed. It is not at all like an agreement to accept a note in payment of a subsisting debt, and a failure of the consideration, by the insolvency of the maker, before the note is delivered. It is not like an agreement purely executory, in which the like failure of consideration on the one part justifies the other party in rescinding the agreement. The very cases cited by the appellant refute this ground of argument. Thus, in *Owenson* v. *Morse*, 7 Durn. & East, 64, where A. had agreed to buy goods, and before they were delivered gave to the seller the notes of a third person for the price; but before that time such third person had stopped payment, and the seller refused to deliver, and was held not bound to deliver, on the ground that the consideration for his agreement had failed. RUNYON, Ch. J., says: "If the defendant

had agreed to take the notes in payment, and to run the risk. of their being paid, that would have been considered as payment, whether the notes had or had not been afterwards paid." This is in accordance with the familiar rule, that the notes of a third person, delivered for another debt, are not considered payment unless agreed to be received as payment.

So in *Roger* v. *Merritt*, 2 Caines' N. Y. Term R. 417, also cited in support of this judgment, there was an executory agreement for a sale of flour for the note of one Lyon, but before the flour was delivered or the note tendered, Lyon failed; and the court held that the seller was not bound to accept the note and deliver the flour, because the consideration for his agreement of sale had failed. But he cites, as " settled law," the case from Durnford & East, above referred to, holding that a tender of the notes is not to be considered payment, " unless it was a part of the agreement to take them as such, and to run the risk of their being paid."

The principle of these cases has, I apprehend, been acted upon from the decision last cited to the present time. (See *Tobey* v. *Berben*, 5 J. R. 68; *Arnold* v. *Camp*, 12 ib. 409; *Muldon* v. *Whittall*, 1 Cow. 290; *Rorst* v. *Griffin*, 5 Wend. 84; *Olcott* v. *Rathburn*, ib. 490; *Elwood* v. *Elmendorf*, 5 Barb. 398; *Van Epps* v. *Dellarge*, 6 ib. 244; *Pratt* v. *Foote*, 12 ib. 213.)

The principle in these cases is fatal to this judgment. The plaintiff here expressly agreed to accept Numan's notes and take the risk of their payment; and on the faith of that agreement the defendant received the goods as an exchange for such notes. I do not perceive any sufficient reason, in law or in equity, for not regarding the plaintiff as bound by his agreement.

The judgment should, therefore, I think, be reversed.

Judgment reversed.